UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TIMOTHY MILLER, JR.

    Plaintiff,

V.                                                  CIVIL ACTION NO

DTG HOLDINGS INC.
D/B/A ACCESS RECEIVABLES MANAGEMENT

Defendant.                                FEBRUARY 12, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Severn, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant has a place of business at 200 East Joppa Road, Towson, MD.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to

Plaintiff's disputed personal debt.

9. Defendant communicated with plaintiff, February 3, 2009, in an attempted to collect a debt from Plaintiff.

10. Plaintiff advised the Defendant that he disputed this debt.

11. Defendant advised the plaintiff that he could not dispute the debt, thereby violating §1692g (a) (3).

12. Defendant advised the plaintiff that he was required to state a "legitimate reason" to the collector, as a requirement, prior to taking a dispute.

13. Defendant advised the Plaintiff that he was required to dispute his debt in writing with legitimate supporting documentation.

14. Defendant frustrated the Plaintiff's dispute rights by making up fictional and subjective requirements, not required by the FDCPA or MCDCA.

15. Defendant advised the Plaintiff that it would not take his oral dispute and would not notify the credit bureaus of his dispute, thereby violating §1692e.

16. Defendant failed to provide the required notice pursuant to 1692e (11) in its communication with the Plaintiff.

17. Defendant has inadequate procedures in place to avoid such error.

18. Defendant attempted to collect two (2) different amounts of debt from the Plaintiff Miller, after he requested that the debt collector note his account as disputed.

19. Defendant sent Plaintiff a collection letter December 18, 2008 demanding payment of $254.00 and advising Defendant Miller, that they have already reported this debt to the Credit Bureaus.

20. Defendant attempted to collect $289.00 from the Plaintiff after he disputed the debt with the Defendant.  Defendant told the Plaintiff he owed $139.00 and $150.00, for a total of $289.00.

21. Defendant is attempting to collect (2) different amounts of debt from the Plaintiff, falsely representing the character, amount or legal status of Plaintiff's disputed debt, violating §1692e (2)(A).

22. In the collection efforts, the defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**SECOND COUNT**

23. The allegations of the First Count are repeated and realleged as if fully set forth herein.

24. Within three years prior to the date of this action Defendant collection agency has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

25. Defendant a licensed collection agency has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award the plaintiff costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

                                                         THE PLAINTIFF

                                                         BY <u>/S/Bernard T. Kennedy</u>
                                                         Bernard T. Kennedy, Esquire
                                                         The Kennedy Law Firm
                                                         P.O. Box 657
                                                         Edgewater, MD 21037
                                                         Ph   (443) 607-8901
                                                         Fax (443) 607-8903
                                                         Fed. Bar # Md26843
                                                         bernardtkennedy@yahoo.com